FILED ✓ ___ LODGED
___ RECEIVED ___ COPY

JUN 2 1 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ 𝒷𝒶 _____ DEPUTY

James Jimerson
Pro Per
12734 West Alvarado Rd.
Avondale, AZ  85392
(817) 797-6012

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Jimerson<br><br>        Plaintiff,<br><br>v.<br><br>TW Services, Inc., a California corporation<br><br>        Defendant. | Case No.:<br>        CV-17-01930-PHX-SPL<br><br>**COMPLAINT**<br><br>(Demand for Jury Trial) |

For his Complaint against TW Services, Inc. ("Defendant"), Plaintiff James Jimerson states:

1.      Plaintiff lives in Maricopa County, Arizona.

2.      Plaintiff is an African-American man and is 61 years old.

3.      Defendant is a California Corporation with its headquarters in Fullerton, California.

4.      Defendant is in the business of providing truck unloading, palletizing, and sanitation services for warehouse and distribution centers.

5.      Defendant has conducted regular business in Maricopa County, Arizona, since at least 2009 when it hired Plaintiff.

6.      From 2009 to January 28, 2016, Plaintiff was Defendant's employee and Defendant was Plaintiff's employer.

7.      Plaintiff worked for Defendant primarily in Maricopa County, Arizona during this time.

8.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended.

9.     Plaintiff also brings this action under the Arizona Wage Payment statute.

10.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367.

11.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

12.     Defendant hired Plaintiff as the Vice President of Sales and Marketing in 2009.

13.     Defendant offered Plaintiff a $90,000 base salary for the position.

14.     On August 12, 2009, Defendant gave Plaintiff a bonus pay schedule which would entitle Plaintiff to bonuses in addition to his salary if certain sales targets were met.

15.     Defendant's owner promised Plaintiff that he would receive at least a yearly compensation bonus of 25% of his base salary.

16.     Plaintiff reasonably believed he would be paid these bonuses based on the written bonus pay schedule and his communications with Defendant's owner.

17.     In addition to being the VP of Sales and Marketing, Plaintiff also later became the Regional Director for Defendant's Southwest Region, which includes Arizona.

18.     Defendant's owners are of Korean descent.

19.     Beginning shortly after Plaintiff began his employment with Defendant until his termination, Defendant treated Plaintiff worse than similarly situated Korean and younger employees.

20.     Defendant never gave Plaintiff a raise of his base salary.

21.     Defendant never paid Plaintiff a 25% bonus or any bonus per the provided schedule.

22. Plaintiff believes that almost every other Korean or younger employee with the same or similar position as Plaintiff received multiple bonuses and pay increases.

23. Plaintiff also was subjected to unwelcome harassment.

24. Co-workers constantly referred to Plaintiff as "old," "old man," "black Korean," and other derogatory names.

25. In the summer of 2015 and other times, Plaintiff complained to Defendant about this constant harassment and unfair treatment.

26. Defendant did not conduct a prompt, thorough and impartial investigation into Plaintiff's harassment complaint.

27. Defendant did not take appropriate action to protect Plaintiff from further workplace harassment.

28. Overall, Defendant did not resolve the discrimination or harassment, but continued to not pay Plaintiff his bonuses and allow the harassment to continue.

29. In 2016, Plaintiff was trying to resolve a billing dispute between Defendant and one of Plaintiff's accounts and Defendant's clients, Sysco.

30. The billing dispute was not Plaintiff's fault.

31. Rather than work with Plaintiff to resolve the dispute, Defendant abruptly terminated Plaintiff on January 28, 2016.

32. Plaintiff believes Defendant terminated him at least partly because of his age and race, and in retaliation for raising concerns about his harassment and discrimination.

33. Plaintiff believes Defendant did not similarly terminate other Korean or younger employees whose accounts had billing disputes or who had similar employment issues.

34. On January 29, 2016 Plaintiff filed a charge with the Equal Employment Opportunity Commission complaining about these events.

35. The EEOC issued a right to sue notice on March 21, 2017.

36. Plaintiff received the right to sue notice approximately a week later.

37.    This action is timely filed within 90 days following Plaintiff's receipt of the Notice of Right to Sue from the EEOC.

## Count I (Race Discrimination)

38.    Plaintiff incorporates all of the previous paragraphs of his Complaint into this paragraph.

39.    Plaintiff is African American.

40.    As described above, Defendant treated Plaintiff worse than his similarly situated non-African American co-workers because of his race.

41.    Defendant did not award Plaintiff bonuses or raises and ultimately terminated Plaintiff at least partly because of his race.

42.    As a result, Plaintiff lost his job, wages, bonuses, and benefits.

## Count II (Retaliation for Reporting Harassment and Discrimination)

43.    Plaintiff incorporates all of the previous paragraphs of his Complaint into this paragraph.

44.    Plaintiff complained to Defendant about Defendant's unequal treatment of Plaintiff, and the continued harassment of Plaintiff by his co-workers as described above.

45.    Defendant did not properly investigate or remedy the harassment.

46.    Rather, Defendant retaliated against Plaintiff for complaining by ultimately terminating him, causing him to lose his job and benefits.

## COUNT III (Harassment/Hostile Work Environment)

47.    Plaintiff incorporates all of the previous paragraphs of his Complaint into this paragraph.

48.    Defendant's agents harassed Plaintiff, sometimes daily, by calling him "old" "old man" and "black Korean," among other things.

49.    The harassment was so severe that it affected Plaintiff's work-environment, home environment, and health.

50. Defendant's agents' harassment of Plaintiff was severe and pervasive.

51. Defendant ultimately terminated Plaintiff and Plaintiff lost his job and benefits, and suffered emotional distress.

## Count IV (Age Discrimination)

52. Plaintiff incorporates all of the previous paragraphs of his Complaint into this paragraph.

53. Plaintiff is 61 years old.

54. As described above, Defendant treated Plaintiff worse than his similarly situated younger co-workers because of his age.

55. Defendant did not award Plaintiff bonuses or raises and ultimately terminated Plaintiff at least partly because of his age, but did so award his similarly situated younger counterparts.

56. As a result, Plaintiff lost his job, wages, bonuses, and benefits.

## Count V – (Arizona Wage Payment Claim)

57. Under Arizona law, an employer may not withhold or divert any portion of an employee's wages. A.R.S. § 23-352.

58. "Wages" means "nondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid whether determined by a time, task, piece, commission or other method of calculation." A.R.S. § 23-350.

59. Plaintiff's right to bonuses per the written bonus schedule and parties' communications constitute wages under this definition.

60. Plaintiff had a reasonable expectation to be paid these wages.

61. Defendant has failed to pay Plaintiff these wages, thereby damaging him.

62.    An employer who fails to pay wages due a former employee may be liable for three times the amount of the undisputed wages due the employee. *See* A.R.S. § 23-355.

Plaintiff seeks relief for unpaid lost past and future wages, for compensation for all of the emotional distress that Defendant's agents caused, for triple the amount of his unpaid bonuses, to be determined after discovery, under A.R.S. 23-355, for punitive damages, and for all other relief available.

DATED this 21 day of June 2017.

By: _____
James Jimerson, Pro Per